UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE A. WYERS,

     Plaintiff,

vs.

Case No.
Hon.

STARBUCKS COFFEE COMPANY,
a foreign profit corporation,

     Defendant.

---

**CHRISTOPHER R. BARATTA (P51293)**
**BARATTA & BARATTA, PC**
Attorneys for Plaintiff
120 Market Street
Mt. Clemens, MI 48043
(586) 469-1111; F (586) 868-4311
chris@barattalegal.com

**STUART M. FELDHEIM (P30947)**
**FELDHEIM & WILENKIN, PC**
Co-Counsel for Plaintiff
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334
(248) 932-3505; F (248) 932-1734
stuart@lawsmf.com

**DORA A. BRANTLEY (P49088)**
**FOSTER, SWIFT, COLLINS &**
**SMITH, PC**
Attorneys for Defendant
28411 Northwestern Highway,
Suite 500
Southfield, MI 48034
(248) 539-9900; F (248) 200-0252
dbrantley@fosterswift.com

---

## DEFENDANT STARBUCKS CORPORATION
## d/b/a STARBUCKS COFFEE COMPANY'S
## NOTICE OF REMOVAL TO THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

     Defendant Starbucks Corporation d/b/a Starbucks Coffee Company

(improperly identified as Starbucks Coffee Company) (hereinafter "Defendant"),

by and through its attorneys, Foster, Swift, Collins & Smith, PC, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice to the Court and all other interested parties, that Defendant seeks removal of the above-captioned cause of action, originally filed in the Oakland County Circuit Court, Case No. 23-200860-NO, to the United States District Court for the Eastern District of Michigan, Southern Division.  In support thereof, Defendant states:

1.     Plaintiff Jessie A. Wyers (hereinafter "Plaintiff"), commenced this action by filing a Complaint against Defendant in the Circuit Court for the County of Oakland, State of Michigan, Civil Action No. 23-200860-NO, seeking damages in excess of the jurisdictional limitation of that Court ($25,000.00), plus costs, interest, and attorney fees. A copy of Plaintiff's Complaint and Summons in this action are attached hereto as **Exhibit A** and constitute all process, pleadings and orders received by or served upon Defendant.  A copy of the Oakland County Circuit Court Docket sheet is attached as **Exhibit B**.

2.     Prior to initiation of litigation, Plaintiff made a settlement demand against Defendant, in excess of $1 Million.

3.     According to Plaintiff's Complaint **(Exhibit A),** Plaintiff is a resident of Oakland County, MI.

4.     Defendant is a foreign profit corporation incorporated in the state of Washington. **(Exhibit C)** Defendant's principal place of business is in Seattle, Washington.

5.     The claims stated in Plaintiff's Complaint are ones over which this Court would have original jurisdiction under 28 U.S.C. § 1332(a)(1) because this is a civil case where (i) the plaintiff and defendant are "citizens of different states" and (ii) "the matter in controversy exceeds the sum or value of $75,000."

6.     28 U.S.C. §1441 provides, in relevant part:

Removal of civil actions

(a)     Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7.     Defendant first received, through service or otherwise, the Summons and a copy of Plaintiff's Complaint on June 19, 2023, via certified mail. **(Exhibit D)** As such, this case is removable to this Court within thirty (30) days thereafter, i.e., on or before July 19, 2023. See 28 USC §1446.

**WHEREFORE**, Defendant prays that this cause of action be removed to this Court and that this Court accept jurisdiction; and henceforth place this action on this Court's docket for further proceedings, the same as though this action had

originally been instituted in this Court.  Defendant requests the entry of such orders to effectuate removal.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, PC

By: /s/ Dora A. Brantley_____
DORA A. BRANTLEY (P49088)
Attorneys for Defendant
28411 Northwestern Highway, Suite 500
Southfield, MI  48034
(248) 539-9900
Dated: July 18, 2023        dbrantley@fosterswift.com

## CERTIFICATE OF SERVICE

In accordance with 28 USC § 1446, the undersigned will give written notice to all parties and shall file a copy of the Notice of Removal with the clerk of the Oakland County Circuit Court.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, PC

By: /s/ Dora A. Brantley_____
DORA A. BRANTLEY (P49088)
Attorneys for Defendant
28411 Northwestern Highway, Suite 500
Southfield, MI  48034
(248) 539-9900
Dated: July 18, 2023        dbrantley@fosterswift.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE A. WYERS,

     Plaintiff,

                                      Case No.
vs.                                  Hon.

STARBUCKS COFFEE COMPANY,
a foreign profit corporation,

     Defendant.

| **CHRISTOPHER R. BARATTA (P51293)** | **DORA A. BRANTLEY (P49088)** |
|---|---|
| **BARATTA & BARATTA, PC** | **FOSTER, SWIFT, COLLINS &** |
| Attorneys for Plaintiff | **SMITH, PC** |
| 120 Market Street | Attorneys for Defendant |
| Mt. Clemens, MI 48043 | 28411 Northwestern Highway, |
| (586) 469-1111; F (586) 868-4311 | Suite 500 |
| chris@barattalegal.com | Southfield, MI 48034 |
| | (248) 539-9900; F (248) 200-0252 |
| **STUART M. FELDHEIM (P30947)** | dbrantley@fosterswift.com |
| **FELDHEIM & WILENKIN, PC** | |
| Co-Counsel for Plaintiff | |
| 30300 Northwestern Highway, Suite 108 | |
| Farmington Hills, MI 48334 | |
| (248) 932-3505; F (248) 932-1734 | |
| stuart@lawsmf.com | |

## INDEX OF EXHIBITS TO DEFENDANT'S NOTICE OF REMOVAL

| **Exhibit** | **Description** |
|---|---|
| A | Plaintiff's Complaint and Summons filed in the Oakland County Circuit Court, Case No. 23-200860-NO |

B          Oakland County Circuit Court Docket Sheet for Case No. 23-200860-NO

C          Corporate details regarding Defendant

D          Proof of Service of Summons and Complaint upon Defendant filed with the Oakland County Circuit Court for Case No. 23-200860-NO

# EXHIBIT A

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN** | | **CASE NO.** |
|---|---|---|
| 6th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** | 2023-200860-NO~~O~~<br>JUDGE JACOB J.<br>~~CUNNINGHAM~~ |

Court address
1200 North Telegraph Road, Pontiac, MI 48341

Court telephone no.
(248) 858-0344

Plaintiff's name, address, and telephone no.
JESSIE A. WYERS

v

Defendant's name, address, and telephone no.
STARBUCKS COFFEE COMPANY

Plaintiff's attorney, bar no., address, and telephone no.
Christopher R. Baratta (P51293)   Stuart Feldheim (P30947)
Baratta & Baratta, P.C.            Feldheim & Wilonkin
120 Market Street                  Co-Counsel for Plaintiff
Mt. Clemens, MI 48043

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 6/13/2023 | 09/12/2023 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   6/13/2023 11:19 AM

**Summons**  (3/23)                                                                              Case No. <u>2023-</u>        <u>-NO</u>

| PROOF OF SERVICE |
|---|

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

| CERTIFICATE OF SERVICE / NONSERVICE |
|---|

☐ I served      ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the
the addressee (copy of return receipt attached)     a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                          Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

This case has been designated as an eFiling case, for more
information please visit www.oakgov.com/efiling.

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JESSIE A. WYERS,

       Plaintiff,

-vs-

STARBUCKS COFFEE COMPANY
a foreign profit corporation,

      Defendant.

Case No. 2023-      -NO
Hon.      2023-200860-NO

JUDGE JACOB J.
CUNNINGHAM

_____/

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
120 Market Street
Mt. Clemens, MI 48043
(586) 469-1111 / (586) 868-4311 Fax
chris@barattalegal.com
Attorneys for Plaintiff

Stuart M. Feldheim (P30947)
Feldheim & Wilenkin, P.C.
Co-Counsel for Plaintiff
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334
248-932-3505/248-932-1734 Fax
stuart@lawsmf.com
Co-Counsel for Plaintiff
_____/

## JURY DEMAND

    NOW COMES Plaintiff, JESSIE A. WYERS, by and through her attorneys, BARATTA

& BARATTA, P.C. and FELDHEIM & WILENKIN, P.C., and hereby demands a trial by jury of

the above-captioned cause.

FILED   Received for Filing   Oakland County Clerk   6/13/2023 11:19 AM

Respectfully submitted,

BARATTA & BARATTA, P.C.
Attorneys for Plaintiff

By:    /s/Christopher R. Baratta
       Christopher R. Baratta (P 51293)
       120 Market Street
       Mt. Clemens, MI  48043
       (586) 469-1111
       chris@barattalrgal.com

Dated: June 13, 2023

FILED   Received for Filing   Oakland County Clerk   6/13/2023 11:19 AM

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

JESSIE A. WYERS,

       Plaintiff,

-vs-

STARBUCKS COFFEE COMPANY
a foreign profit corporation,

       Defendant.

Case No. 2023-            -NO
Hon.        2023-200860-NO
      JUDGE JACOB J.
      CUNNINGHAM

This case has been designated as an eFiling
case, for more information please visit
www.oakgov.com/efiling.                          /

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
120 Market Street
Mt. Clemens, MI 48043
(586) 469-1111 / (586) 868-4311 Fax
chris@barattalegal.com
Attorneys for Plaintiff

Stuart M. Feldheim (P30947)
Feldheim & Wilenkin, P.C.
Co-Counsel for Plaintiff
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334
248-932-3505/248-932-1734 Fax
stuart@lawsmf.com
Co-Counsel for Plaintiff                          /

There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged in the complaint.

/s/Christopher R. Baratta
Christopher R. Baratta (P51293)

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, JESSIE A. WYERS, by and through her attorneys, BARATTA

& BARATTA, P.C. and FELDHEIM & WILENKIN, P.C., and for her Complaint against

defendant, STARBUCKS COFFEE COMPANY, states as follows:

1

## COMMON COUNTS

1.      Plaintiff, JESSIE A. WYERS, is a resident of the County of Oakland, State of Michigan.

2.      Defendant, STARBUCKS COFFEE COMPANY, ("Starbucks") is a foreign profit corporation which conducts business in the County of Oakland, State of Michigan.

3.      The resident agent for defendant Starbucks is THE PRENTICE-HALL CORPORATION SYSTEM, INC., and the registered address is 3410 Belle Chase Way, Suite 600, Lansing, MI 48911.

4.      That the amount in controversy exclusive of interest costs and/or attorney fees is in excess of $25,000.00 and this matter is otherwise within the jurisdiction of this Court.

5.      On or about May 29, 2021, around noon, plaintiff was a business invitee at defendant's premises, located at 27835 Orchard Lake Road, Farmington Hills, MI 48334, when she sustained injuries to her person.

6.      At the aforementioned time and location, plaintiff drove her vehicle to Starbucks and proceeded through the drive through to place her order.

7.      At all relevant times herein, plaintiff and her minor son, who was seated in a child's car seat, were the only occupants in her vehicle.

8.      On said date and time, plaintiff placed her order which consisted of a cake pop and a cup of water for her son, and a large hot Jade Citrus tea for herself.

9.      While plaintiff was in the drive through lane, her driver's side window was completely open.

10.     Plaintiff paid for her order at the window and then received her son's food and drink order. She handed him the cake pop and placed his cup of water next to her.

2

11.     Plaintiff then proceeded to take the Jade Citrus tea from the Starbucks drive through employee's hand.

12.     Upon information and belief, the Starbucks employee who handed plaintiff her hot tea beverage did not properly secure the lid to the beverage cup.

13.     At all pertinent times herein, when said Starbucks employee handed plaintiff the tea, she took the cup and began to bring it inside her vehicle.

14.     At all pertinent times herein, plaintiff, having ordered this same hot beverage at defendant's drive through on many previous occasions, did not squeeze the tea cup or grab it with any more force than was necessary to hold it and transfer it into her vehicle.

15.     Plaintiff exercised due care and caution when she was handed the tea cup, knowing its contents were hot and that any spill of its contents could cause injury to herself.

16.     As plaintiff began to bring the Jade Citrus tea into her car, she observed the cup's lid come off spontaneously and without warning, spilling hot tea all over her, causing her to sustain severe and permanent burn injuries more fully set forth below.

17.     When the plaintiff was burned, she was unable to open her door to exit the vehicle due to its proximity to the drive through window.

18.     After the tea spilled all over plaintiff, she screamed in pain as she was being burned by the hot liquid.   The Starbucks drive through employee handed her a bottle of cold water. Plaintiff pulled ahead and attempted to relieve some of the pain with the cold water.

19.     Plaintiff required urgent medical care and treatment for her burns and was unable to fill out an incident report on the date this incident occurred.

20.     At all pertinent times herein, plaintiff was not guilty of negligence or comparative negligence.

3

21.    Plaintiff has incurred permanent affects and residuals from her injuries, sustained

as a result of defendant's negligence and has incurred medical treatment, costs and expenses.

<u>**COUNT I NEGLIGENCE**</u>

22.    Plaintiff hereby incorporates paragraphs 1 through 21 as if fully set forth herein.

23.    That the defendant had a duty to the general public and to plaintiff in particular to

act with reasonable care for the safety of its patrons, and to:

     a.  Exercise reasonable care to diminish hazardous conditions it knew or should
       have known about;

     b.  Exercise reasonable care to ensure that its employees were properly trained on
       how to handle and deliver hot beverages at its drive through;

     c.  Take reasonable steps and measures to ensure that its hot tea cup lids were
       secured or affixed properly when being handed to customers at its drive
       through;

     d.  Appreciate that a patron would not expect to be handed an ill-fitting lid and/or
       an improperly fitting lid and/or an unsecured lid being passed to them at the
       drive through and as such would not expect to encounter a dangerous condition;

     e.  Exercise reasonable care and prudence to render the drive through service for
       hot beverages to be safe for its patrons;

     f.  To take reasonable care to properly instruct, supervise and monitor its drive
       through employees to ensure that they understand how to secure a lid to a hot
       tea cup before handing same to an unsuspecting customer;

     g.  Remove, correct, or prevent the existence of said dangerous condition when it
       was known, or through the exercise of reasonable care should have been known,
       that said condition could foreseeably cause a person to be burned with hot
       liquid;

     h.  Exercise reasonable care to diminish the hazards of an ill-fitting lid and/or an
       improperly secured lid, and to take reasonable and appropriate measures in light
       of the circumstances, then and there existing;

     i.  Other acts of negligence that may become known throughout the course of
       discovery.

24.    Defendant breached its duties owed to the plaintiff in the following, but not limited

to manner:

     a.  Failing to exercise reasonable care to diminish hazardous conditions it knew or
       should have known about;

     b.  Failing to exercise reasonable care to ensure that its employees were properly
       trained on how to handle and deliver hot beverages at its drive through;

4

c. Failing to take reasonable steps and measures to ensure that its hot tea cup lids were secured or affixed properly when being handed to customers at its drive through;

d. Failing to appreciate that a patron would not expect to be handed an ill-fitting lid and/or an improperly fitting lid and/or an unsecured lid being passed to them at the drive through and as such would not expect to encounter a dangerous condition;

e. Failing to exercise reasonable care and prudence to render the drive through service for hot beverages to be safe for its patrons;

f. Failing to take reasonable care to properly instruct, supervise and monitor its drive through employees to ensure that they understand how to secure a lid to a hot tea cup before handing same to an unsuspecting customer;

g. Failing to remove, correct, or prevent the existence of said dangerous condition when it was known, or through the exercise of reasonable care should have been known, that said condition could foreseeably cause a person to be burned with hot liquid;

h. Failing to exercise reasonable care to diminish the hazards of an ill-fitting lid and/or an improperly secured lid, and to take reasonable and appropriate measures in light of the circumstances, then and there existing;

i. Other acts of negligence that may become known throughout the course of discovery.

25.   One or more of the defendant's negligent acts or omissions was a legal and proximate cause of plaintiff's injuries.

26.   That as a direct and proximate result of the defendant's negligent acts and omissions, including those alleged herein, plaintiff was severely burned, sustaining the following, but not limited to damages in the past, present and future:

a. Second degree burns to approximately 10% of body surface to her bilateral medial thighs, perineum and buttocks;

b. Debridement and scrubbing of wounds;

c. Permanent discoloration of her thighs, buttocks and groin areas due to permanent pigmentation injury of her skin;

d. Permanent disfigurement with a loss of sensation on the left thigh;

e. Assistance with ADL's;

f. Wage loss;

g. Denial of social pleasures and the inability to enjoy the normal functions of life;

h. Physical pain and suffering, weakness, and disability;

i. Limitation of activities;

j. Medical expenses and care;

k. Mental anguish, embarrassment, humiliation, and mortification;

l. Emotional trauma, fright, and shock;

m.  All other damages permitted by law or that may become known throughout the
pendency of this action.

## COUNT II RESPONDEAT SUPERIOR

27.    Plaintiff hereby incorporates paragraphs 1 through 26 as if fully set forth herein.

28.    At all relevant times herein, the person(s) who failed to secure the lid adequately
and properly to plaintiff's hot tea beverage on the date of incident was an employee(s) and/or
agent(s) of Starbucks.

29.    At all relevant times herein, the person(s) who failed to properly train, supervise
and monitor the employee who failed to properly secure the lid was an employee(s) and/or agent
of Starbucks.

30.    That the employees who failed to act in the manner described in the preceding
paragraphs, were acting in the course and scope of their employment with Starbucks.

31.    As such, Starbucks is responsible for its employees negligence and/or gross
negligence by virtue of respondeat superior/vicarious liability.

32.    One or more of the defendant's negligent acts or omissions was a legal and
proximate cause of plaintiff's injuries more fully set forth above.

## COUNT III NEGLIGENT HIRING, TRAINING, SUPERVISION and/or INTERVENTION

33.    Plaintiff hereby incorporates paragraphs 1 through 32 as if fully set forth herein.

34.    At all relevant times, Starbucks had a duty to act with reasonable care for the safety
of the public and specifically the plaintiff, Jessie A. Wyers.

35.    At all relevant times, Starbucks employed workers who were responsible for
performance of their respective duties, as well as for the safety of its customers when processing

6

drive through orders for hot beverages, and thus had a duty to use reasonable care when hiring workers with consideration for the safety and welfare of its customers, patrons and invitees.

36.     At all relevant times, Starbucks had a duty to the general public and the plaintiff to properly hire, train and retain employees that could perform their job duties in a non-negligent manner and refrain from injuring the public in general and the plaintiff in particular.

37.     At all relevant times, Starbucks, through their agents and/or employees, breached their duty to exercise reasonable care by failing to adequately supervise, monitor and/or train said employee(s).

38.     Starbucks negligence and/or gross negligence was a proximate cause of the foreseeable consequences of plaintiff's severe injuries and damages, said conduct amounting to recklessness, gross negligence and a reckless disregard for whether an injury resulted, including but not limited to the following particulars:

   a. Hiring worker(s) who lacked the specific skills and/or knowledge to recognize that lids were not properly secured on hot beverages for its drive through service;
   b. Failing to properly train workers to recognize foreseeable and imminent harm and to reduce and/or eliminate said foreseeable harm.
   c. Failing to supervise and/or monitor its workers to prevent the harm from occurring to plaintiff.
   d. Failing to put into place policies and/or procedures that would prevent such negligent and/or grossly negligent conduct that caused harm to the plaintiff.
   e. Failing to act with due care and with reckless disregard for the safety of its customers, and to the plaintiff in particular.   Upon information and belief, Starbucks failed to reasonably and timely respond to concerns expressed by Starbucks employees regarding difficulties affixing lids to hot beverage cups.
   f. All other acts and omissions and/or breaches of its duties that may become known throughout the course of discovery.

39.     One or more of the defendant's negligent acts or omissions was a legal and proximate cause of plaintiff's injuries more fully set forth above.

7

## COUNT IV GROSS NEGLIGENCE

40.     Plaintiff hereby incorporates paragraphs 1 through 39 as if fully set forth herein.

41.     At all relevant times herein, defendant had a duty to the general public and to the plaintiff in particular to protect her from foreseeable harm.

42.     Defendant breached its duties in this regard by failing to act in a reasonable and prudent manner and ensure that the cup delivered to plaintiff at the drive through had a secured lid on its top, when it knew or should have known that delivering such a cup without a properly secured lid would cause the plaintiff to suffer harm.  Upon information and belief, Starbucks failed to reasonably and timely respond to concerns expressed by Starbucks employees regarding difficulties affixing lids to hot beverage cups.

43.     Defendant Starbucks actions and/or omissions constituted willful and wanton conduct and a reckless disregard for the plaintiff's rights.  Further, Starbucks' conduct was so reckless as to demonstrate a substantial lack of concern for whether injury resulted to plaintiff and was grossly negligent.

44.     Defendant breached its duties in this regard by allowing its employee(s) to inflict harm upon plaintiff without any attempt to prevent this from occurring when it knew or should have known that said harmful conduct was, in fact, occurring on the subject date of incident.

45.     Defendant breached its duties in this regard by failing to properly secure the lid to plaintiff's hot tea beverage and then delivering said beverage to her in such a condition that injury was likely to occur.

46.     One or more of the defendant's grossly negligent acts or omissions was a legal and proximate cause of plaintiff's injuries more fully set forth above.

## COUNT V EXEMPLARY DAMAGES

47. Plaintiff hereby incorporates paragraphs 1 through 46 as if fully set forth herein.

48. Defendant Starbucks actions and/or omissions more fully set forth throughout this Complaint, constitute willful and wanton conduct and a reckless disregard for the safety of the plaintiff and her rights. Further, Starbucks' conduct was so reckless as to demonstrate a substantial lack of concern for whether injury resulted to plaintiff and was grossly negligent. The conduct of Starbucks was willful, *i.e.* a behavior that it knew was dangerous, yet defendant went ahead and allowed a hot beverage with an improperly secured lid to be handed to plaintiff at its drive through window, foreseeably endangering the plaintiff and causing injury to the plaintiff.

49. Under Michigan law, exemplary damages may be awarded to compensate for mental anguish, humiliation, outrage, or increased injury to the plaintiff's feelings that she suffered due to Starbucks gross negligence, willful, malicious, or wanton conduct or reckless disregard for plaintiff's rights.

50. Plaintiff has suffered mental anguish, indignity, outrage and other insults as a result of Starbucks' reckless and egregious conduct described above and throughout this Complaint and as may be revealed through the course of discovery.

51. The injury to feelings and mental suffering sustained by Jessie A. Wyers are natural and proximate in view of the nature of Starbucks' wanton and reckless conduct.

WHEREFORE, plaintiff prays that this Honorable Court enter a judgment in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars that the trier of fact may find fair and just, together with costs interest and attorney fees.

9

Respectfully Submitted,

**BARATTA & BARATTA, P.C.**

/s/Christopher R. Baratta
Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
Attorney for Plaintiff
120 Market Street
Mount Clemens, MI 48043
(586) 469-1111

Dated:  June 13, 2023

10

# EXHIBIT B

# Court Explorer

| ✏ Register of Actions | ← Go Back |
| --- | --- |

**Case Number**
2023-200860-NO
**Entitlement**
WYERS JESSIE A vs. STARBUCKS COFFEE CO
**Judge Name**
JACOB J. CUNNINGHAM
**Case E-Filed**
YES
**Case Filed**
06/13/2023
**Case Disposed**
00/00/0000

| Date | Code | Desc |
| --- | --- | --- |
| 07/11/2023 | APP | APPEARANCE FILED /STARBUCKS |
| 07/11/2023 | MPS | MIFILE PROOF OF SERVICE FILED |
| 06/22/2023 | SUM | P/S ON SUMMONS FILED 06/19/23 |
| 06/22/2023 | MPS | MIFILE PROOF OF SERVICE FILED |
| 06/14/2023 | APP | APPEARANCE FILED /POS/PLF |
| 06/14/2023 | MPS | MIFILE PROOF OF SERVICE FILED |
| 06/13/2023 | C | COMPLAINT FILED |
| 06/13/2023 | SI | SUMMONS ISSUED |
| 06/13/2023 | JD | JURY DEMAND FILED |

Contact Us  |  FOIA  |  Privacy/Legal  |  Accessibility  |  HIPAA

# EXHIBIT C



**Corporations Online Filing System**
Department of Licensing and Regulatory Affairs

**ID Number: 800999590**       [Request certificate]   [Return to Results]   [New search]

**Summary for: STARBUCKS CORPORATION**

**The name of the FOREIGN PROFIT CORPORATION:**  STARBUCKS CORPORATION

**The name used to transact business in Michigan:**  STARBUCKS COFFEE COMPANY

---

**Entity type:**  FOREIGN PROFIT CORPORATION

**Identification Number: 800999590  Old ID Number: 610923**

**Date of Qualification in Michigan:**  06/09/1993

**Incorporated under the laws of:** the state of Washington

**Purpose:**

**Term:**  Perpetual

**Most Recent Annual Report:**  2023            **Most Recent Annual Report with Officers & Directors:**  2023

**The name and address of the Resident Agent:**

Resident Agent Name:        THE PRENTICE-HALL CORPORATION SYSTEM, INC.

Street Address:               3410 BELLE CHASE WAY

Apt/Suite/Other:              STE 600

City:                LANSING              State:  MI          Zip Code:   48911

**Registered Office Mailing address:**

P.O. Box or Street Address:    3410 BELLE CHASE WAY STE 600

Apt/Suite/Other:

City:                LANSING              State:  MI          Zip Code:   48911

**The Officers and Directors of the Corporation:**

| Title | Name | Address |
|-------|------|---------|
| PRESIDENT | LAXMAN NARISIMHAN (CEO) | 2401 UTAH AVE S. MS: S-LA1 STE 800 SEATTLE, WA 98134 USA |
| TREASURER | PETR FILIPOVIC | 2401 UTAH AVE S. SUITE 800, MS: S-LA1 SEATTLE, WA 98134 USA |
| SECRETARY | JENNIFER L KRAFT | 2401 UTAH AVE S. SEATTLE, WA 98134 USA |
| DIRECTOR | LAXMAN NARISIMHAN | 2401 UTAH AVE S. SUITE 800, MS: S-LA1 SEATTLE, WA 98134 USA |
| DIRECTOR | HOWARD SCHULTZ | 2401 UTAH AVE S. SEATTLE, WA 98134 USA |
| DIRECTOR | JORGEN VIG KNUDSTORP | 2401 UTAH AVE S. SEATTLE, WA 98134 USA |
| DIRECTOR | BETH FORD | 2401 UTAH AVE S. SUITE 800, MS: S-LA1 SEATTLE, WA 98134 USA |
| DIRECTOR | MELLODY HOBSON | 2401 UTAH AVE S. SEATTLE, WA 98134 USA |

| DIRECTOR | RICHARD E. ALLISON JR. | 2401 UTAH AVE S. SUITE 800, MS: S-LA1 SEATTLE, WA 98134 USA |
| DIRECTOR | SATYA NADELLA | 2401 UTAH AVE S. SUITE 800, MS: S-LA1 SEATTLE, WA 98134 USA |
| DIRECTOR | ANDREW CAMPION | 2401 UTAH AVE S. SEATTLE, WA 98134 USA |

| Total Authorized Shares | Shares Attributable to Michigan | Most Recent Apportionment % | Year Ending |
|---|---|---|---|
| 2,407,500,000 | 38,948,535 | 1.5838% | 2021 |

**View Assumed Names for this Business Entity**

**View filings for this business entity:**

```
ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
CERTIFICATE OF CORRECTION
CERTIFICATE OF CHANGE OF REGISTERED OFFICE AND/OR RESIDENT AGENT
RESIGNATION OF RESIDENT AGENT
CERTIFICATE OF ASSUMED NAME
```

**View filings**

**Comments or notes associated with this business entity:**

LARA FOIA Process        Transparency        Office of Regulatory Reinvention        State Web Sites

Michigan.gov Home        ADA        Michigan News        Policies

Copyright 2023 State of Michigan

# EXHIBIT D

FILED   Received for Filing   Oakland County Clerk   6/22/2023 11:41 AM

Summons   (3/23)

Case No. <u>2023-200860-NO</u>

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☑ I served   ☐ personally   ☑ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Starbucks Coffee Company | 06/19/2023 at 10:46 a.m. |

| Place or address of service |
|---|
| Resident Agent: The Prentice-Hall Corporation System, Inc., 3410 Belle Chase Way, Ste. 600, Lansing, MI 48911 |

| Attachments (if any) |
|---|
| Jury Demand |

☑ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Christopher R. Baratta (P51293) Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____
Attachments (if any)                                              Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

Tracking Number: 70223330000041373453

Your item has been delivered and is available at a PO Box at 10:46 am on June 19, 2023 in
LANSING, MI 48924.

---

USPS Tracking Plus®

Delivered

Delivered, PO Box
LANSING, MI 48924
June 19, 2023, 10:46 am

Available for Pickup
LANSING
4800 COLLINS RD
LANSING MI 48924-9998
M-F 0830-1930; SAT 0830-1430
June 19, 2023, 7:57 am

Arrived at Hub
LANSING, MI 48924
June 19, 2023, 6:18 am

In Transit to Next Facility
June 18, 2023

Arrived at USPS Regional Facility
LANSING MI DISTRIBUTION CENTER
June 16, 2023, 12:48 pm

