# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JESSIE A. WYERS,

    Plaintiff,

Case No.: 23-11717
Hon. Jonathan J.C. Grey

vs.

STARBUCKS COFFEE COMPANY,
a foreign profit corporation,

    Defendant.

---

# EXHIBIT 1

FILED   Received for Filing   Oakland County Clerk   6/13/2023 11:19 AM

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JESSIE A. WYERS,

      Plaintiff,

-vs-

STARBUCKS COFFEE COMPANY
a foreign profit corporation,

      Defendant.

Case No. 2023-     -NO
Hon.
    2023-200860-NO
    JUDGE JACOB J.
    CUNNINGHAM

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
120 Market Street
Mt. Clemens, MI 48043
(586) 469-1111 / (586) 868-4311 Fax
chris@barattalegal.com
Attorneys for Plaintiff

Stuart M. Feldheim (P30947)
Feldheim & Wilenkin, P.C.
Co-Counsel for Plaintiff
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334
248-932-3505/248-932-1734 Fax
stuart@lawsmf.com
Co-Counsel for Plaintiff

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

/s/Christopher R. Baratta
Christopher R. Baratta (P51293)

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, JESSIE A. WYERS, by and through her attorneys, BARATTA & BARATTA, P.C. and FELDHEIM & WILENKIN, P.C., and for her Complaint against defendant, STARBUCKS COFFEE COMPANY, states as follows:

1

## COMMON COUNTS

1. Plaintiff, JESSIE A. WYERS, is a resident of the County of Oakland, State of Michigan.

2. Defendant, STARBUCKS COFFEE COMPANY, ("Starbucks") is a foreign profit corporation which conducts business in the County of Oakland, State of Michigan.

3. The resident agent for defendant Starbucks is THE PRENTICE-HALL CORPORATION SYSTEM, INC., and the registered address is 3410 Belle Chase Way, Suite 600, Lansing, MI 48911.

4. That the amount in controversy exclusive of interest costs and/or attorney fees is in excess of $25,000.00 and this matter is otherwise within the jurisdiction of this Court.

5. On or about May 29, 2021, around noon, plaintiff was a business invitee at defendant's premises, located at 27835 Orchard Lake Road, Farmington Hills, MI 48334, when she sustained injuries to her person.

6. At the aforementioned time and location, plaintiff drove her vehicle to Starbucks and proceeded through the drive through to place her order.

7. At all relevant times herein, plaintiff and her minor son, who was seated in a child's car seat, were the only occupants in her vehicle.

8. On said date and time, plaintiff placed her order which consisted of a cake pop and a cup of water for her son, and a large hot Jade Citrus tea for herself.

9. While plaintiff was in the drive through lane, her driver's side window was completely open.

10. Plaintiff paid for her order at the window and then received her son's food and drink order. She handed him the cake pop and placed his cup of water next to her.

2

11. Plaintiff then proceeded to take the Jade Citrus tea from the Starbucks drive through employee's hand.

12. Upon information and belief, the Starbucks employee who handed plaintiff her hot tea beverage did not properly secure the lid to the beverage cup.

13. At all pertinent times herein, when said Starbucks employee handed plaintiff the tea, she took the cup and began to bring it inside her vehicle.

14. At all pertinent times herein, plaintiff, having ordered this same hot beverage at defendant's drive through on many previous occasions, did not squeeze the tea cup or grab it with any more force than was necessary to hold it and transfer it into her vehicle.

15. Plaintiff exercised due care and caution when she was handed the tea cup, knowing its contents were hot and that any spill of its contents could cause injury to herself.

16. As plaintiff began to bring the Jade Citrus tea into her car, she observed the cup's lid come off spontaneously and without warning, spilling hot tea all over her, causing her to sustain severe and permanent burn injuries more fully set forth below.

17. When the plaintiff was burned, she was unable to open her door to exit the vehicle due to its proximity to the drive through window.

18. After the tea spilled all over plaintiff, she screamed in pain as she was being burned by the hot liquid. The Starbucks drive through employee handed her a bottle of cold water. Plaintiff pulled ahead and attempted to relieve some of the pain with the cold water.

19. Plaintiff required urgent medical care and treatment for her burns and was unable to fill out an incident report on the date this incident occurred.

20. At all pertinent times herein, plaintiff was not guilty of negligence or comparative negligence.

21. Plaintiff has incurred permanent affects and residuals from her injuries, sustained as a result of defendant's negligence and has incurred medical treatment, costs and expenses.

## COUNT I NEGLIGENCE

22. Plaintiff hereby incorporates paragraphs 1 through 21 as if fully set forth herein.

23. That the defendant had a duty to the general public and to plaintiff in particular to act with reasonable care for the safety of its patrons, and to:

   a. Exercise reasonable care to diminish hazardous conditions it knew or should have known about;
   b. Exercise reasonable care to ensure that its employees were properly trained on how to handle and deliver hot beverages at its drive through;
   c. Take reasonable steps and measures to ensure that its hot tea cup lids were secured or affixed properly when being handed to customers at its drive through;
   d. Appreciate that a patron would not expect to be handed an ill-fitting lid and/or an improperly fitting lid and/or an unsecured lid being passed to them at the drive through and as such would not expect to encounter a dangerous condition;
   e. Exercise reasonable care and prudence to render the drive through service for hot beverages to be safe for its patrons;
   f. To take reasonable care to properly instruct, supervise and monitor its drive through employees to ensure that they understand how to secure a lid to a hot tea cup before handing same to an unsuspecting customer;
   g. Remove, correct, or prevent the existence of said dangerous condition when it was known, or through the exercise of reasonable care should have been known, that said condition could foreseeably cause a person to be burned with hot liquid;
   h. Exercise reasonable care to diminish the hazards of an ill-fitting lid and/or an improperly secured lid, and to take reasonable and appropriate measures in light of the circumstances, then and there existing;
   i. Other acts of negligence that may become known throughout the course of discovery.

24. Defendant breached its duties owed to the plaintiff in the following, but not limited to manner:

   a. Failing to exercise reasonable care to diminish hazardous conditions it knew or should have known about;
   b. Failing to exercise reasonable care to ensure that its employees were properly trained on how to handle and deliver hot beverages at its drive through;

4

    c. Failing to take reasonable steps and measures to ensure that its hot tea cup lids were secured or affixed properly when being handed to customers at its drive through;

    d. Failing to appreciate that a patron would not expect to be handed an ill-fitting lid and/or an improperly fitting lid and/or an unsecured lid being passed to them at the drive through and as such would not expect to encounter a dangerous condition;

    e. Failing to exercise reasonable care and prudence to render the drive through service for hot beverages to be safe for its patrons;

    f. Failing to take reasonable care to properly instruct, supervise and monitor its drive through employees to ensure that they understand how to secure a lid to a hot tea cup before handing same to an unsuspecting customer;

    g. Failing to remove, correct, or prevent the existence of said dangerous condition when it was known, or through the exercise of reasonable care should have been known, that said condition could foreseeably cause a person to be burned with hot liquid;

    h. Failing to exercise reasonable care to diminish the hazards of an ill-fitting lid and/or an improperly secured lid, and to take reasonable and appropriate measures in light of the circumstances, then and there existing;

    i. Other acts of negligence that may become known throughout the course of discovery.

25. One or more of the defendant's negligent acts or omissions was a legal and proximate cause of plaintiff's injuries.

26. That as a direct and proximate result of the defendant's negligent acts and omissions, including those alleged herein, plaintiff was severely burned, sustaining the following, but not limited to damages in the past, present and future:

    a. Second degree burns to approximately 10% of body surface to her bilateral medial thighs, perineum and buttocks;
    b. Debridement and scrubbing of wounds;
    c. Permanent discoloration of her thighs, buttocks and groin areas due to permanent pigmentation injury of her skin;
    d. Permanent disfigurement with a loss of sensation on the left thigh;
    e. Assistance with ADL's;
    f. Wage loss;
    g. Denial of social pleasures and the inability to enjoy the normal functions of life;
    h. Physical pain and suffering, weakness, and disability;
    i. Limitation of activities;
    j. Medical expenses and care;
    k. Mental anguish, embarrassment, humiliation, and mortification;
    l. Emotional trauma, fright, and shock;

m. All other damages permitted by law or that may become known throughout the pendency of this action.

## COUNT II RESPONDEAT SUPERIOR

27. Plaintiff hereby incorporates paragraphs 1 through 26 as if fully set forth herein.

28. At all relevant times herein, the person(s) who failed to secure the lid adequately and properly to plaintiff's hot tea beverage on the date of incident was an employee(s) and/or agent(s) of Starbucks.

29. At all relevant times herein, the person(s) who failed to properly train, supervise and monitor the employee who failed to properly secure the lid was an employee(s) and/or agent of Starbucks.

30. That the employees who failed to act in the manner described in the preceding paragraphs, were acting in the course and scope of their employment with Starbucks.

31. As such, Starbucks is responsible for its employees negligence and/or gross negligence by virtue of respondeat superior/vicarious liability.

32. One or more of the defendant's negligent acts or omissions was a legal and proximate cause of plaintiff's injuries more fully set forth above.

## COUNT III NEGLIGENT HIRING, TRAINING, SUPERVISION and/or INTERVENTION

33. Plaintiff hereby incorporates paragraphs 1 through 32 as if fully set forth herein.

34. At all relevant times, Starbucks had a duty to act with reasonable care for the safety of the public and specifically the plaintiff, Jessie A. Wyers.

35. At all relevant times, Starbucks employed workers who were responsible for performance of their respective duties, as well as for the safety of its customers when processing

6

drive through orders for hot beverages, and thus had a duty to use reasonable care when hiring workers with consideration for the safety and welfare of its customers, patrons and invitees.

36. At all relevant times, Starbucks had a duty to the general public and the plaintiff to properly hire, train and retain employees that could perform their job duties in a non-negligent manner and refrain from injuring the public in general and the plaintiff in particular.

37. At all relevant times, Starbucks, through their agents and/or employees, breached their duty to exercise reasonable care by failing to adequately supervise, monitor and/or train said employee(s).

38. Starbucks negligence and/or gross negligence was a proximate cause of the foreseeable consequences of plaintiff's severe injuries and damages, said conduct amounting to recklessness, gross negligence and a reckless disregard for whether an injury resulted, including but not limited to the following particulars:

   a. Hiring worker(s) who lacked the specific skills and/or knowledge to recognize that lids were not properly secured on hot beverages for its drive through service;
   b. Failing to properly train workers to recognize foreseeable and imminent harm and to reduce and/or eliminate said foreseeable harm.
   c. Failing to supervise and/or monitor its workers to prevent the harm from occurring to plaintiff.
   d. Failing to put into place policies and/or procedures that would prevent such negligent and/or grossly negligent conduct that caused harm to the plaintiff.
   e. Failing to act with due care and with reckless disregard for the safety of its customers, and to the plaintiff in particular. Upon information and belief, Starbucks failed to reasonably and timely respond to concerns expressed by Starbucks employees regarding difficulties affixing lids to hot beverage cups.
   f. All other acts and omissions and/or breaches of its duties that may become known throughout the course of discovery.

39. One or more of the defendant's negligent acts or omissions was a legal and proximate cause of plaintiff's injuries more fully set forth above.

## COUNT IV GROSS NEGLIGENCE

40. Plaintiff hereby incorporates paragraphs 1 through 39 as if fully set forth herein.

41. At all relevant times herein, defendant had a duty to the general public and to the plaintiff in particular to protect her from foreseeable harm.

42. Defendant breached its duties in this regard by failing to act in a reasonable and prudent manner and ensure that the cup delivered to plaintiff at the drive through had a secured lid on its top, when it knew or should have known that delivering such a cup without a properly secured lid would cause the plaintiff to suffer harm. Upon information and belief, Starbucks failed to reasonably and timely respond to concerns expressed by Starbucks employees regarding difficulties affixing lids to hot beverage cups.

43. Defendant Starbucks actions and/or omissions constituted willful and wanton conduct and a reckless disregard for the plaintiff's rights. Further, Starbucks' conduct was so reckless as to demonstrate a substantial lack of concern for whether injury resulted to plaintiff and was grossly negligent.

44. Defendant breached its duties in this regard by allowing its employee(s) to inflict harm upon plaintiff without any attempt to prevent this from occurring when it knew or should have known that said harmful conduct was, in fact, occurring on the subject date of incident.

45. Defendant breached its duties in this regard by failing to properly secure the lid to plaintiff's hot tea beverage and then delivering said beverage to her in such a condition that injury was likely to occur.

46. One or more of the defendant's grossly negligent acts or omissions was a legal and proximate cause of plaintiff's injuries more fully set forth above.

8

## COUNT V EXEMPLARY DAMAGES

47. Plaintiff hereby incorporates paragraphs 1 through 46 as if fully set forth herein.

48. Defendant Starbucks actions and/or omissions more fully set forth throughout this Complaint, constitute willful and wanton conduct and a reckless disregard for the safety of the plaintiff and her rights. Further, Starbucks' conduct was so reckless as to demonstrate a substantial lack of concern for whether injury resulted to plaintiff and was grossly negligent. The conduct of Starbucks was willful, *i.e.* a behavior that it knew was dangerous, yet defendant went ahead and allowed a hot beverage with an improperly secured lid to be handed to plaintiff at its drive through window, foreseeably endangering the plaintiff and causing injury to the plaintiff.

49. Under Michigan law, exemplary damages may be awarded to compensate for mental anguish, humiliation, outrage, or increased injury to the plaintiff's feelings that she suffered due to Starbucks gross negligence, willful, malicious, or wanton conduct or reckless disregard for plaintiff's rights.

50. Plaintiff has suffered mental anguish, indignity, outrage and other insults as a result of Starbucks' reckless and egregious conduct described above and throughout this Complaint and as may be revealed through the course of discovery.

51. The injury to feelings and mental suffering sustained by Jessie A. Wyers are natural and proximate in view of the nature of Starbucks' wanton and reckless conduct.

WHEREFORE, plaintiff prays that this Honorable Court enter a judgment in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars that the trier of fact may find fair and just, together with costs interest and attorney fees.

                                                  Respectfully Submitted,

                                                  **BARATTA & BARATTA, P.C.**

                                                  <u>/s/Christopher R. Baratta</u>
                                                  Christopher R. Baratta (P51293)
                                                  BARATTA & BARATTA, P.C.
                                                  Attorney for Plaintiff
                                                  120 Market Street
                                                  Mount Clemens, MI 48043
Dated: June 13, 2023                        (586) 469-1111