UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE A. WYERS,

    Plaintiff,

v.

STARBUCKS COFFEE COMPANY,
a foreign profit corporation,

    Defendant.
_____/

Case No. 23-11717
Honorable Jonathan J.C. Grey

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS TO PRODUCE (ECF No. 14)

### I.  INTRODUCTION

On June 13, 2023, Plaintiff Jesse A. Wyers ("Wyers") filed suit against Starbucks Coffee Company ("Starbucks") alleging negligence; negligent hiring, training, supervision, and/ or intervention; and gross negligence. (ECF No.1.) On November 6, 2023, Wyers filed a motion to compel answers to plaintiff's interrogatories and requests to produce certain documents. (ECF No. 14.) On February 1, 2024, the Court held a hearing on Wyers' motion. For the reasons set forth below, the Court

**GRANTS IN PART** and **DENIES IN PART** Wyers' motion to compel (ECF No. 14.)

## II.  BACKGROUND

On May 29, 2021, Wyers ordered and received hot tea from a Starbucks drive-through window. Wyers alleges that the lid of the hot teacup came off during the transfer of the cup to her from a Starbucks employee. (ECF No. 1.)  As a result, Wyers alleges that she suffered severe second-degree burns.

On June 13, 2023, Wyers filed suit against Starbucks alleging negligence; negligent hiring, training, supervision, and/ or intervention; and gross negligence. (*Id*.) Wyers now seeks to compel answers to her interrogatories and the production of certain documents from Starbucks. (ECF No. 14.) The disputed interrogatories ("INT") and Requests for Production ("RTP") are listed and described in the Court's analysis below.

## III.  ANALYSIS

Parties may obtain discovery on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party may serve on any other party a request for production that is within the scope of Rule 26(b).

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). However, the district court has wide discretion to balance the interests of both the plaintiff and defendant and narrow discovery accordingly. *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). Thus, the Court may "limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Id.* at 305.

**A. Interrogatory Number 12**

<u>**INT #12**</u>: For defendant's drive through services, have there been any employee and/or customer complaints in North America since 2019, regarding: (a) hot beverage lids not fitting properly or easily onto the hot beverage cups; (b) incidents of burn injury due to unintended lid separation from a hot beverage cup; (c) lids popping off the hot beverage cup; (d) specific complaints by employees regarding difficulty in securing lids to hot beverage cups; (e) faulty lids resulting in unintended lid separation from a hot beverage cup and/or leaking of hot beverage from a hot beverage cup. (ECF No. 19, PageID.119.)

Starbucks partially answered Wyers' INT #12 and stated that "between January 1, 2019 and May 28, 2021 (the date of the alleged incident), 6 persons claimed that the lids of cups they were served at the subject Starbucks restaurant, dislodged from the cup. At least 3 of those cups contained a hot beverage at the time the lid allegedly dislodged from the cup." (*Id.*) However, Starbucks objects to answering the entirety of the interrogatory arguing that it is "vague, overbroad, and unduly burdensome." (*Id.*)

The Court finds this interrogatory overbroad and unduly burdensome, in part, therefore, the Court will limit Starbucks' answers to Wyers' INT #12 to the tri-county Detroit Metropolitan area (Wayne, Oakland, and Macomb counties), as opposed to North America. Further, the Court will limit the applicable timeframe from 2019 to May 23, 2021, when Wyers' injury occurred. This approach sufficiently provides Wyers the information that is relevant for her claims, while also not being overly broad and burdensome on Starbucks. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Wyers' motion to compel answers to INT #12.

### B. Interrogatory Number 15

**INT #15**: Please identify the name, address, and job title of the person at Starbucks who is most knowledgeable about incidents of unintended lid separation from Starbucks hot beverage cups prior to May 28, 2021. Please note that counsel intend to take the deposition of the identified individual. (*Id.*)

Starbucks objected to this interrogatory on the basis that "it is vague, and further, the information sought is neither relevant nor proportional to the needs of this case." (*Id.*, PageID.120.)

Wyers contends that her severe injuries were caused by Starbucks' negligence pertaining to a faulty lid. Thus, it is reasonable for Wyers during the fact-finding process to speak to the person within Starbucks that is most knowledgeable about incidents like the one she allegedly suffered. Therefore, the Court finds that Wyers' INT #15 is sufficiently relevant and reasonable in scope and compels Starbucks to answer the interrogatory. Accordingly, the Court **GRANTS** Wyers' motion to compel answers to INT #15.

**C. Requests for Production Numbers 5 and 6**

**RTP #5**: Complete copies of any incident or accident reports; incident report forms; reports or written statements made as a result of any inspection; examination or investigation by defendant, or any agent acting on behalf of the defendant, regarding the incident described in plaintiff's complaint. (*Id.*, PageID.120.)

**RTP #6**: Complete copies of any reports of investigation defendant conducted or caused to be conducted regarding the subject incident, including copies of any and all reports, photographs, statements, written warnings or letters of termination to any employee(s) or agent(s) of defendant. (*Id.*)

Starbucks objects to both RTPs 5 and 6 on the basis that they "did not prepare any document" or "material" that is responsive to those requests. (*Id.*) But Wyers contends that Starbucks maintains a "database" and "seeks access to all information" that can be found in the database regarding Wyers accident occurrence on May 29, 2021. (*Id.*)

The Court will not order Starbucks to create a document that does not exist, however, to the extent that any such document regarding Wyers' accident exists within the Starbucks database and is relevant to

6

her claim, the Court orders Starbucks to produce it to Wyers. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Wyers' motion to compel RTPs 5 and 6.

### D. Requests for Production Numbers 9, 15, 16, and 17

**RTP #9**: Complete copies of any and all training materials utilized by defendant to train any and all positions that hire into Starbucks regarding handling and delivery of hot beverage service through defendant's drive-through, including producing any policies, rules or regulations regarding properly secured lids on hot beverage cups. (*Id.*, PageID.121.)

**RTP #15**: Complete copies of defendants Beverage Resource Manual in effect on the date of the subject incident. (*Id.*, PageID.125.)

**RTP #16**: Complete copies of defendants Safety and Security Manual, including all policies, procedures, and guidelines for use of incident report forms. (*Id.*)

**RTP #17**: Complete copies of any and all Operations training documents and the barista training manual. (*Id.*)

Like some of its prior objections, Starbucks asserts that these RTPs 9, 15, 26, and 17 are "overbroad, and further, the information sought is neither relevant nor proportional to the needs of this case." Starbucks further asserts that "[s]ubject to and without waiving any objection, upon entry of a Protective Order or other Order of the Court, Defendant will produce its relevant policies and procedures." (*Id.*)

Since the filing of Wyers' motion, the parties have agreed and submitted to the Court a stipulated protective order concerning sensitive documents in Starbucks' control. (ECF No. 21.) Since Wyers' requests for Starbucks' relevant policies and procedures are relevant to her case, and the Court finds that this request is not overly burdensome, the Court orders Starbucks to produce the requested policies and procedures subject to the parties' stipulated protective order. Accordingly, the Court **GRANTS** Wyers' motion to compel RTPs 9, 15, 16, and 17.

**E. RTPs 13, 14, 18, and 19**

**RTP #13**: Complete copies of any and all logs or reports of customer complaints and/or incident reports regarding hot beverages spilling at defendant's drive through for the subject location from 01/01/2018–05/29/2021. (*Id.*, PageID.122.)

8

**RTP #14**: Complete copies of any and all digital or hard copy logs, complaints and incident reports regarding improperly fitting hot beverage lids, lids popping off cups, and/or faulty lids on defendant's hot beverage cups for all Starbucks locations, including the subject store, from 01/01/2018–05/29/2021. (*Id.*, PageID.123.)

**RTP #18**: Complete copies of any and all Incident Report Forms; logs; records of and/or customer complaints from all North American stores from 01/01/2015–05/29/2021, involving: a. hot beverages spilling at drive throughs, as a result of: (i.) faulty lids; (ii.) improperly fitting lids; (iii.) lid pop-off; (iv.) faulty placement of lids by employees, baristas and/or partners; (v.) unsecured lids by employees, baristas and/or partners; (vi.) customer negligence or fault. (*Id.*, PageID.126.)

**RTP #19**: Complete copies of any reports of analysis or investigation performed by defendant regarding leaking hot cup lids, hot cup lids popping off, hot cup lids not fitting properly, and/or lids not being secured properly from 01/01/2015–05/29/2021. (*Id.*, PageID.127.)

Starbucks cites vagueness and over broadness as a basis for its objections to RTPs 13, 14, 18, and 19. Starbucks further asserts that disseminating the documentation requested in Wyers' RTPs 13, 14, and 18 would violate the privacy interests of its customers.

The Court finds the approach taken under INT #12 applicable to Wyers' RTPs 13, 14, 18, and 19. Wyers may attain such documentation from Starbucks starting from January 1, 2018 to May 29, 2021, the date of Wyers' accident. Additionally, Starbucks' production to Wyers is only limited to Starbucks locations in the tri-county Detroit Metropolitan area (Wayne, Oakland, and Macomb Counties), which includes the subject location. Furthermore, Starbucks may redact the names, addresses, and other identifying information of its customers who are included in any of its produced documentation. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** RTPs 13, 14, 18, and 19.

**F. RTPs 20 and 21**

**RTP #20**: Complete copies of any and all written communications between Starbucks and its vendor(s) that supply or manufacture its lids for use on its hot cup beverages regarding or addressing any

difficulties or issues with affixing said lids to said hot beverage cups on or before May 29, 2021. (*Id.*, PageID.128.)

**RTP #21**: Complete copies of any and all written communications between Starbucks and its vendor(s) that supply or manufacture its hot beverage cups regarding or addressing any difficulties or issues with affixing said lids to said hot beverage cups on or before May 29, 2021. (*Id.*)

Starbucks objects to both RTPs 20 and 21 and states that they are "vague, overbroad and unduly burdensome, and further, the information sought is neither relevant nor proportional to the needs of this case." (*Id.*)

The Court finds that the information sought by Wyers in RTPs 20 and 21 is relevant to her claim. The Court also concludes that the time frame cited by Wyers in both RTPs 20 and 21 is unduly burdensome to Starbucks. In balancing the interest of both Wyers and Starbucks, the Court will require Starbucks to produce the information requested by Wyers in RTPs 20 and 21, but the timeframe of this request shall begin from January 1, 2018 and extend to May 29, 2021. *See Surles ex rel. Johnson.*, 474 F.3d at 305. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Wyers' motion to compel RTPs 20 and 21.

11

### G. RTP 22

**RTP #22**: Complete copies of all notes, policies, rules, regulations, manuals, instructions, memoranda, resolutions, writings, and/or plan(s) of action taken by Starbucks to reduce or eliminate the occurrence of unintended lid separation from hot beverage service from January 1, 2018 to the present date. (ECF No. 19, PageID.129.)

Starbucks' position regarding RTP 22 is that it "will agree to produce any policies, procedures, or instructions regarding the reduction or elimination of unintended lid separation during hot beverage service from January 1, 2018 through the date of the subject incident, May 29, 2021. Any policies, procedures, or instructions created after that date are irrelevant to the subject incident." (*Id.*, PageID.130.)

The Court agrees with Starbucks. The Court finds that the time period from January 1, 2018, to May 29, 2021, Wyers' accident date, is a sufficiently relevant and proportionate time period for Starbucks to produce "any policies, procedures, or instructions regarding the reduction or elimination of unintended lid separation during hot beverage service." The Court finds that documents that may have been created after the

date of the accident are irrelevant to Wyers' claims. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Wyers' motion to compel RTP 22.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Wyers' motion to compel answers to plaintiff's interrogatories and requests to produce certain documents (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART.**

**SO ORDERED**.

Dated: June 12, 2024

s/Jonathan J.C. Grey
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2024.

s/ S. Osorio
Sandra Osorio
Case Manager